UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RYAN TOWNE,

      Plaintiff,

  v.

BENEFYTT TECHNOLOGIES, INC.,
*et al.*,

      Defendants.

Civil Action 2:21-cv-2990
Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

Plaintiff, Ryan Towne, an Ohio resident proceeding *pro se*, commenced this action in the Common Pleas Court for Franklin County, Ohio, alleging fraud, breach of contract, and other state-law claims against two corporate health insurance defendants. (ECF No. 2.) Defendant Benefytt Technologies, Inc. ("Benefytt") removed the action to this Court based on diversity jurisdiction. (ECF No. 1.) Defendant International Benefits Administrators, LLC ("IBA") has not appeared or made any filings in the litigation. This matter is before the undersigned on Plaintiff's Motion to Remand (ECF No. 7) and Benefytt's Response in Opposition (ECF No. 15). For the reasons that follow, Benefytt is **ORDERED** to file a notice within **FOURTEEN DAYS** establishing (1) IBA's proper consent to removal and (2) the citizenship of IBA's members.

      **I.**      **BACKGROUND**

Plaintiff filed an eight-count Complaint in state court on April 7, 2021, alleging that Defendants breached their obligations to satisfy medical insurance claims he submitted to them on behalf of his minor children. (Compl. at 4, ECF No. 2.) More specifically, Plaintiff alleges that he attempted to obtain coverage from Defendants for his son and daughter's hospital bills,

and that despite having a duty to process his claims, Defendants fraudulently and conspiratorially avoided him.  (*Id.* at 5–6.)  Plaintiff alleges that combined, Defendants' liability totals at least $110,843, including compensatory and emotional distress damages.  (*Id.* at 15.)

On May 28, 2021, Benefytt filed a Notice of Removal in this Court.  (ECF No. 1.)  As the basis for federal subject-matter jurisdiction, Benefytt relied on diversity of citizenship under 28 U.S.C. § 1332.  (*Id.* at ¶ 9.)  In support of diversity jurisdiction, Benefytt alleges that the amount in controversy exceeds $75,000 and that "Plaintiff is an Ohio individual," "Benefytt is a Delaware corporation with its principal place of business in Florida," and Benefytt's co-defendant "IBA is a New York limited liability company."  (*Id.* at ¶¶ 5–7.)  Further, Benefytt alleges that "[a]ll Defendants, including Benefytt and IBA, consent to removal."  (*Id.* at ¶ 8.)

On June 11, 2021, Plaintiff filed the subject Motion to Remand.  (ECF No. 7.)  He advances one argument in support of remand: "defendant IBA has failed to appear in this case to date, and consent to [r]emoval cannot be properly shown from a defendant unless they make an appearance."  (*Id.*)  In its Opposition, Benefytt argues that a defendant's appearance is not required to demonstrate consent to removal.  (ECF No. 15 at 2.)  Benefytt attaches a declaration by its counsel containing her office's correspondence with Defendant IBA's CEO.  (*Id.* at Ex. A.)  In the correspondence, Benefytt's counsel asks to speak to IBA's lawyers (PAGEID#467–68, 471); asks IBA to identify the citizenship of its members (PAGEID#469); and asks IBA to consent to removal (PAGEID#471).  In response, IBA neither puts Benefytt in touch with its lawyers nor identifies the citizenship of its members, but purports to consent to removal through its CEO, who writes, "I did speak with inside counsel and IBA does consent to removal to federal court."  (*Id.* at PAGEID#467.)  Plaintiff did not file a Reply.

In the meantime, Benefytt filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), which is fully briefed (ECF Nos. 6, 13, and 16).  To date, IBA counsel has not entered an appearance in the case, and IBA has not made any filings.  On June 17, 2021, the Clerk entered default against IBA, and Plaintiff subsequently moved for default judgment.  (ECF Nos. 11, 14.)

## II. APPLICABLE LAW

Generally, a defendant may remove a civil case brought in a state court to federal court if it could have been brought there originally.  28 U.S.C. § 1441(a); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).  A federal court has original diversity jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.  28 U.S.C. § 1332(a); *Rogers*, 239 F.3d at 871.  "The burden of persuasion for establishing diversity jurisdiction . . . remains on the party asserting it." *Hertz Corp. v. Friend,* 559 U.S. 77, 96 (2010) (citations omitted).  Corporate defendants are citizens in any state where they are incorporated and in the state of their principal place of business.  *Id.* at 80.  Limited liability companies have the citizenship of each of their members.  *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

In addition to establishing subject-matter jurisdiction, "[i]n cases with multiple defendants, the 'rule of unanimity' requires that each defendant consent to removal." *Robertson v. U.S. Bank, N.A.*, 831 F.3d 757, 761 (6th Cir. 2016) (citing 28 U.S.C. § 1446(b)(2)(A); *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003)).

## III. ANALYSIS

**A.   Unanimity**

Plaintiff argues that Benefytt has not established IBA's consent to removal, and therefore cannot satisfy the unanimity rule, because IBA has not entered an appearance in the litigation.

(ECF No. 7.)  In Benefytt's words, Plaintiff "argues only that the form of providing [] consent was not proper because an attorney has not made an appearance on IBA's behalf."  (ECF No. 15 at 2.)  Benefytt responds that "consent can be provided without the making of an appearance" because one defendant may generally represent its co-defendants' consent to the Court.  *Id.*  Under the circumstances presented here, the undersigned agrees with Plaintiff.

Benefytt is correct that the United States Court of Appeals for the Sixth Circuit has adopted a vouching approach for co-defendants seeking to establish unanimity—counsel for one co-defendant may normally indicate consent to removal on behalf of all defendants.  *Harper v. AutoAlliance Inter., Inc.,* 392 F.3d 195, 201–02 (6th Cir. 2004).  *Harper* "stands for the proposition that a party seeking to remove a case to federal court need do no more than obtain the consent of his fellow defendants and make a timely representation of that consent to the court."  *City of Cleveland v. Deutsche Bank Trust Co.,* 571 F. Supp. 2d 807, 815 (N.D. Ohio 2008).  But as Benefytt acknowledges, under *Harper*, "co-defendants are not required to do anything (other than to indicate their consent verbally to the removing defendant's lawyer and, **if the defendant is a corporation, do so through an attorney**)."  (ECF No. 15 at 2 (quoting *City of Cleveland,* 571 F. Supp. 2d at 815) (emphasis added).)  A corporate entity, like IBA, "cannot consent to removal through a non-lawyer representative."  *City of Cleveland,* 571 F. Supp. 2d at 816–18 (discussing cases holding that non-attorney corporate representatives could not consent to removal); *see also Polston v. Millennium Outdoors, LLC,* No. 6:16-cv–16–kkc, 2017 WL 878230, at *4 and n.2 (E.D.K.Y. Mar. 6, 2017) (same).

Here, Benefytt's premises its allegation that IBA consented to removal on an email from IBA's CEO, who suggests he is relaying advice from his inside counsel, who in turn has neither appeared in the case nor apparently communicated with Benefytt's counsel.  (ECF No. 15, Ex.

4

A.) The only indication in the record supporting IBA's consent is therefore made through a "non-lawyer representative." Although Benefytt could vouch for the consent of a non-corporate co-defendant, IBA must appear through counsel—or at least act through counsel—to properly consent.

**B.     Subject-Matter Jurisdiction**

In addition to Plaintiff's unanimity argument, the undersigned notes a defect in Benefytt's allegations of subject-matter jurisdiction. Although "technical defects in the removal procedure, such as breach of the rule of unanimity," are subject to waiver and "may not be raised *sua sponte*," defects in subject-matter jurisdiction may be raised *sua sponte* and at any time. *Loftis v. United Parcel Service, Inc.,* 342 F.3d 509, 516–17 (6th Cir. 2003). Here, there is insufficient information in the record to establish the parties' diversity of citizenship. Although Benefytt properly identified its own citizenship and that of Plaintiff, (ECF No. 1, ¶¶ 5–6), no filing to date has established the citizenship of IBA's members. *See Delay,* 585 F.3d at 1005. After independent research, the undersigned could not determine IBA's members' citizenship, which is not necessarily a matter of public record under New York law. *Cf.* N.Y. Pub. L. Art. 6, §§ 84–90. As a result, Benefytt has not met its burden to demonstrate complete diversity.

Based on the foregoing, Plaintiff is correct that the unanimity rule is not satisfied, and, moreover, Benefytt has failed to demonstrate complete diversity of the parties. However, it appears from Benefytt's Opposition (ECF No. 15) that Defendants intended to unanimously consent to removal and to demonstrate complete diversity, and that both errors can be easily cured. Courts in the Sixth Circuit allow defendants to cure defects in removal notices, including both technical defects and defective allegations of diversity jurisdiction. *See, e.g.*, *Klein v. Manor Healthcare Corp.*, Nos. 92–4328, 92–4347, 1994 WL 91786, at *5 (6th Cir. Mar. 22,


1994); *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.,* 5 F.3d 963, 968–69 (6th Cir. 1993).  The undersigned therefore **ORDERS** Benefytt to cure the defects described above.

## IV.    CONCLUSION

For the reasons set forth above, Benefytt is **ORDERED** to file a notice within **FOURTEEN DAYS** establishing (1) IBA's proper consent to removal and (2) the citizenship of IBA's members.  Benefytt is cautioned that failure to timely comply with this Order will result in an order remanding this action to state court.

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE