UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RYAN TOWNE,**

        **Plaintiff,**

  v.                                      **Civil Action 2:21-cv-2990**
                                                  **Judge Sarah D. Morrison**
                                                  **Magistrate Judge Chelsey M. Vascura**

**BENEFYTT TECHNOLOGIES, INC.,**
*et al.*,

        **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, Ryan Towne, an Ohio resident proceeding *pro se*, commenced this action in the Common Pleas Court for Franklin County, Ohio, alleging fraud, breach of contract, and other state-law claims against two corporate health insurance defendants. (ECF No. 2.) Defendant Benefytt Technologies, Inc. ("Benefytt") removed the action to this Court based on diversity jurisdiction. (ECF No. 1.) Plaintiff filed a Motion to Remand (ECF No. 7), asserting that Defendant International Benefits Administrators, LLC ("IBA"), which at that time had not appeared in the litigation, had not properly consented to removal. The Court ordered Benefytt to file a notice establishing IBA's consent and the parties' complete diversity, and Benefytt timely filed such a notice. (*See* ECF Nos. 17, 21.) This matter is now before the Court on Plaintiff's Motion to Remand (ECF No. 7), Benefytt's Response in Opposition (ECF No. 15), and Benefytt's Notice (ECF No. 21). For the reasons that follow, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's Motion.

I. BACKGROUND

Plaintiff filed his Complaint in state court on April 7, 2021, alleging that Defendants breached their obligations to satisfy medical insurance claims he submitted to them on behalf of his minor children. (Compl. at 4, ECF No. 2.) On May 28, 2021, Benefytt filed a Notice of Removal in this Court. (ECF No. 1.) As the basis for federal subject-matter jurisdiction, Benefytt relies on diversity of citizenship under 28 U.S.C. § 1332. (*Id.* at ¶ 9.) In support of diversity jurisdiction, Benefytt alleges that the amount in controversy exceeds $75,000 and that "Plaintiff is an Ohio individual;" "Benefytt is a Delaware corporation with its principal place of business in Florida;" and "IBA is a New York limited liability company." (*Id.* at ¶¶ 5–7.) Further, Benefytt alleges that "[a]ll Defendants, including Benefytt and IBA, consent to removal." (*Id.* at ¶ 8.) On June 11, 2021, Plaintiff filed the subject Motion to Remand. (ECF No. 7.) His basis for remand is that "defendant IBA has failed to appear in this case to date, and consent to [r]emoval cannot be properly shown from a defendant unless they make an appearance." (*Id.*) On July 2, Benefytt filed an Opposition arguing that a defendant's appearance is not required to demonstrate consent to removal. (ECF No. 15 at 2.) At the time Benefytt filed its Opposition, IBA had not entered an appearance in the litigation and purported to consent to removal through an email between its non-attorney CEO and Benefytt's counsel. (*Id.* at Ex. A.) The Clerk had entered default against IBA, and Plaintiff had filed a Motion for Default Judgment. (ECF Nos. 11, 14.)

On July 20, upon consideration of Plaintiff's Motion to Remand and Benefytt's Opposition, the undersigned agreed with Plaintiff's argument that IBA could not consent to removal through its non-attorney CEO. (ECF No. 17 at 4.) The undersigned also noted that Benefytt's allegations of subject-matter jurisdiction were defective, because Benefytt had not alleged the citizenship of IBA's members. (*Id.* at 5 (citing *Delay v. Rosenthal Collins Grp., LLC*,

2

585 F.3d 1003, 1005 (6th Cir. 2009) (LLCs have the citizenship of each of their members)).) The Court therefore ordered Benefytt ordered to file a notice establishing (1) IBA's proper consent to removal and (2) the citizenship of IBA's members, and was cautioned that if it could not do so, the case would be remanded. (*Id.* at 6.)

On July 30, IBA appeared in the case for the first time, through counsel, and on August 2, IBA moved for leave to respond to Plaintiff's Motion for Default Judgment. (ECF Nos. 18, 19.) On August 3, Benefytt and IBA, through counsel, filed a joint Notice of Consent to Removal in response to the Court's July 20 Order. (ECF No. 21.) Defendants' Notice provided the following: "(1) IBA, through the undersigned counsel, consents to removal in this case; and (2) IBA has two members, both of whom reside in New York and, therefore, there is complete diversity in this case." (*Id.*) Plaintiff's Motion to Remand is now ripe for decision.

## II. APPLICABLE LAW

Generally, a defendant may remove a civil case brought in a state court to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). A federal court has original diversity jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a); *Rogers*, 239 F.3d at 871. "The burden of persuasion for establishing diversity jurisdiction . . . remains on the party asserting it." *Hertz Corp. v. Friend,* 559 U.S. 77, 96 (2010) (citations omitted.) Corporate defendants are citizens in any state where they are incorporated and in the state of their principal place of business. *Id.* at 80. Limited liability companies have the citizenship of each of their members. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009.) "In cases with multiple defendants, the 'rule of unanimity' requires that each defendant consent to removal." *Robertson*

3

*v. U.S. Bank, N.A.*, 831 F.3d 757, 761 (6th Cir. 2016) (citing 28 U.S.C. § 1446(b)(2)(A); *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003)).

Courts within the United States Court of Appeals for the Sixth Circuit allow defendants to cure defects in removal notices, including both technical defects and defective allegations of diversity jurisdiction. *See, e.g.*, *Klein v. Manor Healthcare Corp.*, Nos. 92–4328, 92–4347, 1994 WL 91786, at *5 (6th Cir. Mar. 22, 1994); *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.,* 5 F.3d 963, 968–69 (6th Cir. 1993.)

### III.     ANALYSIS

**A.     Unanimity**

Plaintiff argues that Benefytt did not establish IBA's consent to removal, and therefore cannot satisfy the unanimity rule, because at the time Plaintiff filed his Motion to Remand, IBA had not entered an appearance in the litigation. (ECF No. 7.)  Benefytt responds that "consent can be provided without the making of an appearance," because one defendant may generally represent its co-defendants' consent to the Court. (ECF No. 15 at 2.)  As discussed more fully in the Court's prior Order, (ECF No. 17), Plaintiff is correct about the legal rule. Although counsel for one co-defendant may normally vouch for consent to removal on behalf of all defendants, *Harper v. AutoAlliance Inter., Inc.,* 392 F.3d 195, 201–02 (6th Cir. 2004), corporate defendants must nevertheless act through counsel to properly consent. *Polston v. Millennium Outdoors, LLC,* No. 6:16-cv–16–kkc, 2017 WL 878230, at *4 and n.2 (E.D.K.Y. Mar. 6, 2017).

IBA has now appeared in the litigation through counsel and verified its consent to removal through its joint notice with Benefytt. (ECF No. 21.)  Therefore, the undersigned finds that IBA has consented to removal such that the unanimity rule is satisfied.

**B.      Subject-Matter Jurisdiction**

The Court also ordered Benefytt to allege the parties' complete diversity. (ECF No. 17 (citing *Loftis v. United Parcel Service, Inc.,* 342 F.3d 509, 516–17 (6th Cir. 2003) (defects in subject-matter jurisdiction may be raised *sua sponte* and at any time)).) In their notice, IBA and Benefytt adequately allege complete diversity: Benefytt has citizenship in Florida; IBA in New York; and the Plaintiff in Ohio. (ECF No. 21). Therefore, the undersigned finds that the diversity statute is satisfied. 28 U.S.C. § 1332.

### IV.      CONCLUSION

Because the undersigned is persuaded that Defendants have cured the defects in Benefytt's Notice of Removal (ECF No. 1) and satisfied their burden to demonstrate unanimous consent to removal and complete diversity of the parties, it is **RECOMMENDED** that Plaintiff's Motion to Remand be **DENIED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE