UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RYAN TOWNE,** | | |
| **Plaintiff,** | : | |
| v. | | **Case No. 2:21-cv-2990**<br>**Judge Sarah D. Morrison**<br>**Magistrate Judge Chelsey M. Vascura** |
| **BENEFYTT TECHNOLOGIES, INC.** *et al.*, | : | |
| **Defendant.** | | |

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff Ryan Towne's Motion for Default Judgment against Defendant International Benefits Administrators, LLC. (Pl.'s Mot., ECF No. 14.) With leave of Court, Defendant International Benefits Administrators, LLC ("IBA") filed a Combined Opposition to Plaintiff's Motion for Default Judgment, Motion to Vacate Clerk's Entry of Default, and Motion for Leave to Answer or Otherwise Respond to the Complaint. (Def.'s Mot., ECF No. 22. *See also* ECF No. 20.) Both parties have replied in support of their motion(s). (Pl.'s Reply, ECF No. 24; Def.'s Reply, ECF No. 25.) Accordingly, the matter is now ripe for consideration. For the reasons set forth below, Mr. Towne's Motion for Default Judgment is **DENIED** and IBA's Combined Motion is **GRANTED**.

**I.    BACKGROUND**

Mr. Towne filed this action on April 7, 2021, in Delaware County Court of Common Pleas. (ECF No. 2.) On May 28, 2021, Defendant Benefytt Technologies, Inc. removed the case to this Court. (ECF No. 1.) On June 11, 2021, Mr. Towne applied for an entry of default against IBA. (ECF No. 8.) The application was granted six days later. (ECF No. 11.) On June 23, 2021, Mr. Towne filed a Motion for Default Judgment against IBA. (Pl.'s Mot.) On July 30, 2021, counsel filed a notice of appearance on behalf of IBA and promptly moved for leave to respond to Mr. Towne's Motion for Default Judgment. (ECF Nos. 18, 19.) The Court granted IBA's motion (ECF No. 20), and the Motion for Default Judgment is now fully briefed.

Broadly, IBA maintains that it was not served with notice of this action, despite a Certificate of Service from the Nassau County Sheriff's Department indicating otherwise. (Def.'s Mot., *generally*.) The Certificate of Service states that a Deputy Sheriff of the County of Nassau served IBA on April 14, 2021, by leaving a copy of the summons and complaint with an individual matching the following description:

| | |
|---|---|
| Sex: | Female |
| Skin Color: | White |
| Hair Color: | Black |
| Age: | 36–50 years |
| Height: | 5'4"–5'8" |
| Weight: | 100–130 pounds |

(ECF No. 8-1.) Through a sworn affidavit by IBA's Chief Executive Officer, Robert Pillartz, IBA represents that it has been unable to identify an IBA employee meeting the description—particularly, an IBA employee who would have been on-site to receive service papers. (Pillartz Aff., ¶ 3, ECF No. 22, PAGEID # 502–505.) As of April 14, 2021, most of IBA's employees were working remotely as a result of the COVD-19 pandemic. (*Id.*, ¶ 4.) Instead, IBA states that it learned in late-July that a Certificate of Service existed, purporting to show that service of process had been completed, and promptly engaged counsel. (*Id.*, ¶ 9.) IBA moves this Court to set aside the Clerk's entry of default, deny Mr. Towne's Motion for Default Judgment, and afford IBA an opportunity to respond to Mr. Towne's Complaint. (Def.'s Mot., *generally*.)

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 provides a sequential, two-step process for obtaining a default judgment. First, a party must apply for and obtain an entry of default from the Clerk of Court. Fed. R. Civ. P. 55(a). Second, the party must apply to either the Clerk or the Court for a default judgment. Fed. R. Civ. P. 55(b). Though the district court has discretion in deciding whether to grant a motion for default judgment, it "should take into account: 1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002) (citation omitted).

Rule 55 also provides that "[a] district court may, in its discretion, 'set aside an entry of default for good cause.'" *Courser v. Allard*, 969 F.3d 604, 624 (6th Cir. 2020) (quoting Fed. R. Civ. P. 55(c)). "When a defendant seeks relief from an entry of default, three equitable factors are considered to determine if 'good cause' has been shown . . . : (1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006) (internal quotation and citation omitted). "All three factors must be considered in ruling on a motion to set aside an entry of default." *Shepard Claims Service, Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 194 (6th Cir. 1986) But when a defendant has a meritorious defense and the plaintiff would not be prejudiced, "it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Id*. Further, "[b]ecause 'trials on the merits are favored in federal courts,' 'any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.'" *Courser*, 969 F.3d at 624 (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983)) (cleaned up).

### III. ANALYSIS

In light of the policy disfavoring default judgment, the Court will begin its analysis with the Rule 55(c) factors. In this case, the factors weigh in favor of finding good cause, and granting IBA's Combined Motion.

Under the first factor, the Court considers whether IBA's culpable conduct led to their default. "To be treated as culpable, the conduct of a defendant must

4

display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings." *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996) (internal quotation and citation omitted). Mr. Towne argues that IBA must have known it had been served, and that a non-response to the summons and complaint was consistent with IBA's history of non-response to his other correspondence. (Reply, 1–2.) IBA maintains, however, that it cannot identify the individual who allegedly accepted service on behalf of the company in April 2021. Due to the COVID-19 pandemic, IBA maintained minimal on-site staff—none of whom match the description of the service recipient. Further, IBA engaged counsel and appeared in the case promptly after learning that a Certificate of Service had been docketed. The Court is persuaded that an honest mistake, and not culpable conduct, resulted in IBA's ignorance of the suit before late-July 2021.

Turning to the second factor, the Court considers whether IBA has a meritorious defense to Mr. Towne's claims. A defense is meritorious if it is "good at law," regardless of whether the defense is actually likely to succeed on the merits. *Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003) (citations omitted). In other words, if "there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Burrell*, 434 F.3d at 834 (6th Cir. 2006) (internal quotation and citation omitted) (emphasis in original). Although IBA acknowledges that it is still evaluating possible defenses to Mr. Towne's claims, it argues that certain of the defenses set out in its co-defendant's Motion to Dismiss

5

(ECF No. 6) equally apply to IBA's case. Namely, "the Complaint does not allege fraud with particularity, the fraud claims Plaintiff alleges are not separate from his breach-of-contract claims, and Plaintiff is unable to state a claim against IBA based upon criminal statutes." (Def.'s Mot., 7.) This is sufficient for purposes of Rule 55(c).

Finally, the Court considers whether Mr. Towne will be prejudiced by the Court setting aside the entry of default against IBA. Clearly, he will not. This case is in its infancy. It was first filed four months ago, and removed to this Court only three months ago. (*See* ECF Nos. 1, 2.) The litigation is active as against IBA's co-defendant (*see, e.g.*, ECF No. 6), and discovery has not yet begun. Mr. Towne himself does not argue that he will be prejudiced by setting aside the entry of default (though it is clear he would prefer otherwise). (Resp., *generally*.)

## IV.  CONCLUSION

As IBA points out, its Motions are the contrapositive to Mr. Towne's. If Mr. Towne prevails, IBA cannot—and vice versa. For the reasons set forth above, IBA's Combined Motion (ECF No. 22) is **GRANTED**. It follows that Mr. Towne's Motion for Default Judgment (ECF No. 14) is **DENIED**. Accordingly, the Clerk's Entry of Default against IBA (ECF No. 11) is **VACATED** and the deadline for IBA to answer or otherwise respond to Mr. Towne's Complaint is **EXTENDED** to the date that is two weeks after the filing of this Opinion and Order.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison  
**SARAH D. MORRISON**  
**UNITED STATES DISTRICT JUDGE**