## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**RYAN TOWNE,**

                **Plaintiff,**        :

    **v.**                              **Case No. 2:21-cv-2990**
                                             **Judge Sarah D. Morrison**
                                           **Magistrate Judge Chelsey M.**
**BENEFYTT TECHNOLOGIES,**         **Vascura**
**INC.,** *et al.,*               :

              **Defendants.**

### <ins>OPINION AND ORDER</ins>

This matter is before the Court on two motions. Defendant Benefytt Technologies, Inc.'s Motion to Dismiss (ECF No. 6) and Defendant International Benefits Administrators, LLC's ("IBA") Motion to Dismiss (ECF No. 28). Both motions are fully briefed and ready for decision. For the reasons set forth below, Defendants' Motions are **GRANTED**.

## I.    BACKGROUND

All well-pled factual allegations in the Complaint (Compl., ECF No. 12) are considered as true for purposes of the Motions to Dismiss, except to the extent that the allegations contradict a written instrument referenced in the Complaint or constitute a conclusion of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 536 (6th Cir. 2017) (quoting *Williams v. CitiMortgage, Inc.*, 498 F. App'x 532, 536 (6th Cir. 2012)).  The following summary draws from the allegations in the Complaint, and the documents integral to and incorporated therein.

Plaintiff Ryan Towne "successfully applied for family medical coverage with Agile Health Insurance . . . in April 2019." (Compl., PageID 365.) He paid his premiums and, every time he or a family member received medical services, Mr. Towne supplied his Agile Health policy number. (*Id.*)

Mr. Towne's insurer has not paid certain claims for services provided to his covered dependents in 2019 and 2020. (*Id.*, PageID 365–67.) Those claims are still unpaid and, because of the delays in payment, Mr. Towne was ineligible to receive other financial assistance for those bills. (*Id.*)

Mr. Towne brought this suit against Benefytt and IBA in the Delaware County, Ohio Court of Common Pleas. (*See* ECF No. 1.) Mr. Towne alleges that he has not been able to seek recourse against Agile Health, because he cannot locate a valid address for the company. (Compl., PageID 367.) However, he alleges that IBA processes claims for Agile Health and that Benefytt is the "ultimate parent company" over Agile Health. (*Id.*, PageID 365, 369.) Mr. Towne asserts eight claims against Defendants: breach of contract (Count 1), fraud (Counts 2, 3, and 4), breach of fiduciary duty (Count 5), intentional infliction of emotional distress ("IIED") (Count 6), negligence (Count 7), conspiracy (Count 8).

Following removal of the case to this Court, both Benefytt and IBA have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Mr. Towne has failed to state claims against them.

## II.  ANALYSIS

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the claim is and

the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv, Inc. v. Treesh*, 487 F.3d, 471, 476 (6th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

These standards apply equally when the plaintiff is *pro se*. Although a *pro se* litigant is entitled to a liberal construction of her pleadings and filings, he still must do more than assert bare legal conclusions, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

3

### A.    Count 1: Breach of Contract

Mr. Towne first alleges that Defendants failed to fulfill contractual services of processing his medical claims even though they continued to charge him for their services. (Compl., PageID 369.)

Despite Mr. Towne's allegation that Agile Health is his insurer, the documentation now before the Court suggests otherwise. For example, the insurance card attached to the Complaint identifies "AdvantHealth" and "AFSLIC/American Financial Security Life Insurance Co." as the insurer. (ECF No. 12-4, PageID 395.) The back of the insurance card instructs that claims should be sent to IBA, and that billing and cancellation questions are to be directed to Agile Health. (*Id.*, PageID 396.) To be sure, certain documentation supplied by Mr. Towne does reference Agile Health. (*See id.*, PageID 392, 403–04.) However, his enrollment application identifies AFSLIC as the insurer and is electronically signed by an AFSLIC agent. (*Id.*, PageID 397–98.) And, most importantly, his insurance policy[1] identifies AFSLIC as the insurer and issuer. (ECF No. 6-1, PageID 220, 232.)

The only contract on which Mr. Towne's breach of contract claim is based is the contract for insurance between himself and AFSLIC. Mr. Towne makes no allegations on which the Court can find either Defendant liable for breach of his

---

[1] Although Mr. Towne did not submit a complete copy of his insurance policy, Benefytt has provided the policy as an exhibit to its Motion to Dismiss. (*See* ECF No. 6-1.) The Court can properly consider the complete policy because it was referenced in the Complaint and is central to the claims. *See Hivner v. Active Elec., Inc.*, 878 F. Supp. 2d 897, 901 (S.D. Ohio 2012) (Rose, J.) (citation omitted).

contract with AFSLIC. Even construing the Complaint in the light most favorable to

him, Mr. Towne has failed to state a claim for breach of contract.

Defendants' Motions to Dismiss are **GRANTED** as to Count 1.

### B.    Counts 2, 3, and 4: Fraud

Mr. Towne next asserts three separate fraud claims. In Count 2, Mr. Towne

alleges that (a) he was fraudulently misled as to the current address for Agile

Health, (b) Defendants falsely stated that they never received claim documentation

from him, and (c) Defendants violated Ohio Rev. Code § 2913.05 and 18 U.S.C.

§ 1001. (*Id.*, PageID 370.) In Count 3, he again alleges that Defendants falsely

stated that they never received his claim documentation and, further, that

Defendants did not treat his claims properly, in violation of Ohio Rev. Code

§ 2913.42. (*Id.*, PageID 370–71.) Finally, in Count 4, Mr. Towne repeats his

allegation that Defendants violated 18 U.S.C. § 1001. (*Id.*, PageID 371–72.)

A party "alleging fraud . . . must state with particularity the circumstances

constituting fraud or mistake." Fed. R. Civ. P. 9(b). In other words, an allegation of

fraud "must state the specific circumstances surrounding the alleged fraud with

particularity." *Wagner v. Circle W. Mastiffs,* 732 F. Supp. 2d 792, 806 (S.D. Ohio

2010) (Smith, J.). This heightened pleading standard ensures that a defendant is

provided with notice of the specific conduct giving rise to the suit, so that they may

prepare a responsive pleading. *Id.* (citing *U.S. ex rel. Bledsoe v. Comty. Health Sys.*

(*Bledsoe II*), 501 F.3d 493, 510 (6th Cir. 2007)). A plaintiff must, therefore, "allege

the time, place, and content of the alleged misrepresentations on which he or she

relied; the fraudulent scheme; the fraudulent intent of the defendants; and the

injury resulting from the fraud." *Aero Fulfillment Servs. Corp v. Oracle Corp.*, 186 F. Supp. 3d 764, 776 (S.D. Ohio 2016) (Black, J.) (quoting *U.S. ex rel. Marlar v. BWXT Y-12 LLC*, 525 F.3d 439, 444 (6th Cir. 2008)). Although "Rule 9(b) does not require omniscience[,] the Rule requires that the circumstances of the fraud be pled with enough specificity to put defendants on notice as to the nature of the claim." *Michaels Bldg. Co. v. Ameritrust Co., N.A.,* 848 F.2d 674, 679 (6th Cir. 1988).

There are six elements of fraud under Ohio law: "a) a misrepresentation, b) material to the transaction at hand, c) made falsely, d) with the intent of misleading another into relying upon it, e) justifiable reliance upon the misrepresentation, and f) a resulting injury proximately caused by the reliance." *Wing v. Anchor Media, Ltd. of Tex.,* 570 N.E.2d 1095, 1099 (Ohio 1991) (internal quotation and citation omitted) (cleaned up). Mr. Towne's Complaint certainly alleges that Defendants made false and misleading statements to him. It does not, however, allege sufficient facts to support any of the other elements of fraud. Namely, there are no allegations that Benefytt or IBA had any intent of misleading Mr. Towne into relying on their allegedly false statements, no allegations that Mr. Towne in fact relied on such alleged false statements, and no allegations that injury resulted from such reliance.

Defendants' Motions to Dismiss are **GRANTED** as to Counts 2, 3, and 4.

## C.     Count 5: Breach of Fiduciary Duty

In Count 5, Mr. Towne alleges that he had a relationship with Agile Health and IBA "based on trust" and that Defendants failed to fulfill their resulting duties to him, which caused him damages. (Compl., PageID 372.) A breach of fiduciary

duty claim has three elements: the existence of a fiduciary duty, a breach of that duty, and the plaintiff's injury proximately resulting therefrom. *See Hurst v. Ent. Title Agency, Inc.*, 809 N.E.2d 689, 697 (Ohio Ct. App. 2004). A fiduciary relationship exists when "special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust." *Ed Schory & Sons, Inc. v. Soc. Nat'l Bank*, 662 N.E.2d 1074, 1081 (Ohio 1996) (internal quotation and citation omitted).

In this case, Mr. Towne has failed to allege that either Defendant owed him a fiduciary duty. The Court again notes that Mr. Towne's contract for insurance coverage is with AFLISC—not Defendants. The Complaint does not allege that Mr. Towne had a relationship with either *Defendant* that would give rise to any special trust or confidence. Even assuming there is some business relationship between Mr. Towne and Defendants, those relationships, standing alone, do not create a fiduciary duty as a matter of law.

The Motions to Dismiss are **GRANTED** as to Count 5.

### D.    Count 6: Infliction of Emotional Distress

Through his IIED claim, Mr. Towne alleges that Defendants intentionally caused him emotional distress vis-à-vis their communications and interactions with him. (Compl., PageID 373.) An IIED claim requires proving

> (1) that the actor either intended to cause emotional distress or knew or should have known that the actions taken would result in serious emotional distress to the plaintiff, (2) that the actor's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community, (3) that the actor's actions were the proximate cause of the plaintiff's psychic injury, and (4) that the mental anguish

7

suffered by the plaintiff is serious and of a nature that no reasonable man could be expected to endure it.

*Ondo v. City of Cleveland*, 795 F.3d 597, 611–12 (6th Cir. 2015) (quoting *Burkes v. Stidham*, 668 N.E.2d 982, 989 (Ohio Ct. App. Nov. 13, 1995)). The "extreme and outrageous" standard is narrowly defined and is difficult to meet. *Id*. at 612. The Ohio Supreme Court has described it as follows:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"
>
> The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to intervene in every case where some one's feelings are hurt.

*Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 453 N.E.2d 666, 671 (Ohio 1983) (quoting Restatement (Second) of Torts § 46 cmt. d (Am. Law Inst. 1965)), *abrogated on other grounds by Welling v. Weinfeld*, 866 N.E.2d 1051 (Ohio 2007). *See also Brown v. Denny*, 594 N.E.2d 1008, 1012 (Ohio Ct. App. 1991) ("[N]ot every wrongful act is outrageous. Only the most extreme wrongs, which do gross violence to the norms of a civilized society, will rise to the level of outrageous conduct.").

The allegations set forth in the Complaint, even if true, cannot sustain a claim for IIED. First, even accepting as true his allegations that Defendants' have

caused emotional distress for himself and his family, Mr. Towne does not allege serious mental anguish of a nature no reasonable person could be expected to endure. Further, the conduct alleged does not clear the high bar for "extreme and outrageous" conduct. Even assuming, *arguendo*, that either Defendant is responsible for Mr. Towne's claims, a company's poor claims processing, as alleged in the Complaint, could not be considered beyond the bounds of decency or utterly intolerable in a civilized community. The Court has no doubt that Mr. Towne's experience trying to get these medical bills paid has been frustrating. Many can relate to the challenges of working within our labyrinthine system of healthcare providers and payors. But the facts alleged relate to no more than that—the processing of insurance claims. In fact, there are several avenues available for customers impacted by such poor performance to seek recourse, including bringing claims for bad faith or contacting a regulatory body, such as the Ohio Department of Insurance.

Defendants' Motions to Dismiss are **GRANTED** as to Count 6.

### E.    Count 7: Negligence

In support of his negligence claim, Mr. Towne alleges that Defendants owed him a duty of care "through his service agreement with them and by his consistent payment of premiums." (Compl., PageID 374.) He further alleges that Defendants breached that duty by: (1) ignoring and not acknowledging that he provided verified evidence of his medical claims to them; (2) giving him incorrect information; (3) not

providing him a speedy remedy; and (4) not responding to his Affidavit of Fact and Notice of Claim. (*Id.*)

To establish an actionable claim of negligence, a plaintiff must show "the existence of a duty, the breach of the duty, and injury proximately resulting therefrom." *Strother v. Hutchinson*, 423 N.E.2d 467, 469 (Ohio 1981).

> In Ohio, a breach of contract does not create a tort claim. *Wolfe v. Cont'l Cas. Co.*, 647 F.2d 705, 710 (6th Cir. 1981). Generally, "the existence of a contract action . . . excludes the opportunity to present the same case as a tort claim." *Id.* A tort claim based upon the same actions as those upon which a claim of contract breach is based will exist independently of the contract action only if the breaching party also breaches a duty owed separately from that created by the contract, that is, a duty owed even if no contract existed. *Battista v. Lebanon Trotting Ass'n*, 538 F.2d 111, 117 (6th Cir. 1976).

*Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 684 N.E.2d 1261, 1270 (Ohio Ct. App. 1996). Here, Mr. Towne alleges that Defendants' duty was based on a contract—his alleged service agreement with them. The Court has already concluded, *supra*, that the Complaint does not sufficiently allege the existence of a contract between the Mr. Towne and either Defendant. Mr. Towne has not sufficiently alleged that Defendants owed him any duty otherwise. Consequently, Mr. Towne has failed to state a claim for negligence.

Defendants' Motions to Dismiss are **GRANTED** as to Count 7.

### F.    Count 8: Conspiracy

In his final claim, Mr. Towne alleges that Defendants engaged in a conspiracy to prevent him from receiving the services that he paid for and to prevent resolution of his claims. (Compl., PageID 375.)

A civil conspiracy under Ohio law requires proof of a malicious combination by at least two people, an injury, and the existence of an unlawful act that is independent from the conspiracy itself. *See Aetna Cas. & Sur. Co. v. Leahey Constr. Co.,* 219 F.3d 519, 534 (6th Cir. 2000) (quotation omitted). Based on the Court's findings that Mr. Towne has otherwise failed to state a claim, there is no independent unlawful act upon which the conspiracy claim can rest. Accordingly, that claim also fails.

Defendants' Motions to Dismiss are **GRANTED** as to Count 8.

III.     **CONCLUSION**

Defendants' Motions to Dismiss (ECF Nos. 6 and 28) are **GRANTED**. Mr. Towne's claims are **DISMISSED**. This case is hereby **TERMINATED** from the docket records of the United States District Court for the Southern District of Ohio.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

11